SO ORDERED.

SIGNED this 31 day of August, 2009.

_J. Rich Leonard_
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

**IN RE:**

**WILLIAM JEROME FIGURED,**

    **Debtor.**　　　　　　　　　　　　　　**Case No. 09-03251-8-JRL**

    　　　　　　　　　　　　　　　　　　**Chapter 13**

**WILLIAM JEROME FIGURED,**

    **Debtor.**　　　　　　　　　　　　　　**Case No. 09-06490-8-JRL**

    　　　　　　　　　　　　　　　　　　**Chapter 13**

_____

### <u>ORDER</u>

The matters before the court are the motions of Roger D. Haagenson, Facundo Bacardi and Sherry Haagenson as Trustees of the Bacardi Foundation (the "Bacardi Foundation") to determine inapplicability of automatic stay, to compel accounting and segregation of cash collateral, and for show cause and contempt, and the motion of the debtor to set aside order lifting stay. On August 19, 2009, the court conducted a hearing on these matters in Wilmington, North Carolina.

## BACKGROUND

Prior to filing bankruptcy, the debtor owned and operated a convenience store and certain real property in Carolina Beach, North Carolina.  The Bacardi Foundation is the holder of a promissory note in the original principal amount of $700,000.00 and security agreement which the debtor executed on June 5, 2007 (the "Note and Security Agreement").  The Bacardi Foundation also holds a deed of trust and security agreement and assignment of rents which the debtor executed on June 5, 2007 (the "Deed of Trust").  Both the Note and Security Agreement and the Deed of Trust grant to the Bacardi Foundation a security interest in all of the debtor's inventory, general intangibles, and equipment, including all after-acquired collateral and proceeds which was perfected upon the filing of a UCC-1 financing statement with the North Carolina Secretary of State on June 8, 2007.  In addition, the Deed of Trust grants to the Bacardi Foundation a security interest in certain real property located in Carolina Beach, North Carolina on which the debtor operates a convenience store (the "Real Property").  Under the terms of the Note and Security Agreement, the sum of $84,000.00 was withheld from loan proceeds at closing and placed in an escrow account to be applied toward the monthly installments of accrued interest on the debt.  The maturity date on the Note and Security Agreement was June 5, 2008.  On February 18, 2009, the Clerk of Superior Court for New Hanover County entered an Order of Sale authorizing the substitute trustee under the Deed of Trust to conduct a foreclosure sale of the Real Property.  The foreclosure sale was scheduled for April 24, 2009 but was stayed when the debtor filed bankruptcy.

On the date of hearing the debtor had two bankruptcy cases pending before this court. The debtor filed his first petition for relief under chapter 13 on April 22, 2009, which was two

2

days prior to the scheduled foreclosure sale of the Real Property.  The schedules filed by the

debtor showed net monthly income of $1,569.93 per month and net monthly expenses of

$3,888.59 per month.  The schedules further showed total secured debt of $1,103,648.00 and

total unsecured debt of $969,376.21.  On June 8, 2009, the Bacardi Foundation moved for relief

from stay as well as for a show cause order for the debtor's failure to appear at a scheduled Rule

2004 examination.  The debtor did not file a response to the motion for relief from stay and on

June 30, 2009 the court entered an order lifting the automatic stay as to the Bacardi Foundation.

Subsequently, the Bacardi Foundation re-commenced foreclosure proceedings on the Real

Property and a foreclosure sale was scheduled for July 24, 2009.  At the foreclosure sale, the

Bacardi Foundation was the high bidder.  At 5:01 p.m. on the last day of the 10-day upset bid

period, the debtor filed his second petition for relief under chapter 13.

## DISCUSSION

The Bacardi Foundation filed motions to determine inapplicability of the automatic stay,

for show cause and contempt, and to compel accounting and segregation of cash collateral.  At

hearing, the Bacardi Foundation asserted that it would withdraw its motion for show cause and

contempt and its motion for an accounting and segregation of cash collateral if the court

determined that the automatic stay in the debtor's second bankruptcy case was inapplicable to

stay the foreclosure action instituted by the Bacardi Foundation.  The court therefore begins its

analysis by considering the motion to determine inapplicability of the automatic stay.

The first issue before the court is whether the foreclosure sale of the Real Property was

stayed by the filing of the debtor's second bankruptcy petition.  A bankruptcy petition operates

as an automatic stay of "any act to obtain possession of property of the estate or of property from

3

the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Except as

provided in §§ 541(b) and (c)(2), property of the estate includes "all legal or equitable interests

of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  It

follows that the foreclosure sale was not stayed unless the debtor had an interest in the Real

Property at the time the petition was filed.

     In North Carolina, upon the default of the debtor the trustee may initiate a foreclosure

sale of the real property pursuant to a power of sale provision within the deed of trust.  N.C.

GEN. STAT. § 45-21.1 to .34 (2007).  Once the foreclosure sale is conducted, a 10-day upset bid

period commences during which any person may bid on the real property.  Id. § 45-21.27.  An

upset bid is effective if the required deposit is made and notice of upset bid is filed "*by the close

of normal business hours* on the tenth day after the filing of the report of the sale or the last

notice of upset bid . . . ."  Id. § 45-21.27(a) (emphasis added).  The upset bid period is suspended

if the debtor files a bankruptcy petition within that period.  In re Lordship Dev., LLC, 403 B.R.

772, 773 (Bankr. E.D.N.C. 2008) (citing Beneficial Mortgage Co. of N.C. v. Barrington and

Jones Law Firm, 595 S.E.2d 705, 709 (N.C. Ct. App. 2004).

The Bacardi Foundation argues that the automatic stay is inapplicable to the foreclosure

sale because the debtor failed to file his second petition during the upset bid period.  In support

of its position, the Bacardi Foundation established that the foreclosure sale was conducted on

July 24, 2009 and a Report of Foreclosure Sale was filed with the Clerk of Superior Court for

New Hanover County on the same date.  As a result, the 10-day upset bid period expired on

August 3, 2009.  The Bacardi Foundation further established that New Hanover County requires

that an upset bid must be placed, and a deposit must be made, "before 5:00 p.m. on the 10th day

4

[of the upset bid period]."  Additionally, the Bacardi Foundation established at hearing that the New Hanover County Courthouse closed for business on weekdays at 5:00 p.m.  Based on this evidence, the Bacardi Foundation argued at hearing that the debtor's second bankruptcy petition failed to stay the foreclosure sale because it was filed after 5:00 p.m. on the last day of the upset bid period.  Consequently, the Bacardi Foundation argued that it possessed ownership rights in the property after 5:00 p.m. on August 3, 2009.

In response, the debtor argued that his petition operated to stay the foreclosure sale. First, the debtor argued that the deadline for submitting an upset bid did not expire until 11:59 p.m. on the last day of the upset bid period.  The debtor based this theory on Rule 5001 of the Federal Rules of Bankruptcy Procedure, which provides that "[t]he courts shall be deemed always open for the purpose of filing any pleading . . . ."  FED. R. BANKR. P. 5001.  Alternatively, if the deadline for upset bids expired at 5:00 p.m., the debtor argued that his untimely filing was excusable because he attempted to file his petition at 4:59 p.m. but was temporarily disconnected from the court's computer system.

The court finds that the foreclosure sale was not stayed because the debtor failed to file his petition within the statutory period for upset bids.  Pursuant to N.C. GEN. STAT. § 45-21.27, the ownership rights of the prior owner of real property shift to the high bidder at foreclosure sale upon expiration of the upset bid period at the normal close of business on the tenth day. Thus, property formerly owned by the debtor which was sold at foreclosure and for which the upset bid period expired prior to commencement of the bankruptcy case is not property of the estate.  The result is the same whether the petition was filed one minute late or five days late.  At hearing, the Bacardi Foundation established that the normal close of business of the Office of the

5

Clerk of Superior Court for New Hanover County was 5:00 p.m.  The debtor's failure to file his petition prior to expiration of the upset bid period resulted in the transfer of his rights in the property to the highest bidder.  As a result, the Real Property at issue is not property of the estate and was not affected by the debtor's second bankruptcy case.

The second issue before the court is whether the court should reconsider an order entered in the first bankruptcy case granting the Bacardi Foundation relief from the automatic stay.  The Fourth Circuit has adopted three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  EEOC v. Lockheed Martin Corp., Aero & Naval Systems, 116 F.3d 110, 112 (4th Cir. 1997).  However, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.), cert. denied, 525 U.S. 1104, 119 S. Ct. 869 (1999).

The debtor asserts that the court erred in lifting the automatic stay in his first bankruptcy case.  The Bacardi Foundation filed the motion for relief from stay on June 8, 2009.  However, the debtor testified at hearing that he did not receive a copy of the motion to lift stay.  Further, the debtor established that his attorney at the time failed to notify him of the motion for relief from stay because she had filed a motion to withdraw from his case on June 6, 2009.  The debtor established that he had no contact with his attorney subsequent to her motion to withdraw and that neither he nor his attorney filed a response to the motion for relief from stay.  As a result, the debtor testified that he failed to contest the motion for relief from stay, which the court allowed pursuant to an order entered on June 30, 2009.

6

In addition to an alleged lack of notice and adequate representation, the debtor argued that the automatic stay should be reimposed because the allegations raised in the motion for relief from stay were inaccurate. At hearing, the debtor established that he filed his first bankruptcy case in order to separate the portion of the Real Property which was unrelated to his convenience store, liquidate the separated property and reduce his obligation to the Bacardi Foundation, and pay off his arrearage through his chapter 13 plan. In addition, the debtor established that the allegations in the motion for relief from stay misrepresented that he made no payments to the Bacardi Foundation since June 2007. Specifically, the debtor established that he made two payments in the amounts of $7,000.00 each to the Bacardi Foundation in July and August of 2008. Further, the debtor established that the Bacardi Foundation had access to $84,000.00 held in escrow for the purpose of making payments on accrued interest. However, the debtor established on cross-examination that he owed the Bacardi Foundation at least $815,550.00 as of the date of hearing.

In response to the debtor's contention that the automatic stay should be reimposed, the Bacardi Foundation asserted that relief from stay was proper. At hearing, Roger Haagenson, trustee of the Bacardi Foundation, testified before the court. Mr. Haagenson admitted at hearing that his motion for relief from stay failed to account for two interest-only payments made by the debtor in the amounts of $7,000.00 each. However, Mr. Haagenson established that the Bacardi Foundation received no other payments from the debtor during the life of the loan. In addition, Mr. Haagenson established that the sum of $84,000.00 held in escrow was applied to the amount of interest which had accrued over one year at the non-default rate of 12%. However, Mr. Haagenson confirmed that no interest payments had been made as of September 2008. Further,

Mr. Haagenson established that the debtor had ceased making payments for insurance and property taxes on the Real Property.  On cross-examination, Mr. Haagenson admitted that he had offered the debtor an opportunity to renew his loan pursuant to a letter dated September 15, 2008.  However, Mr. Haagenson established that the extension was for six months in duration and was contingent on the debtor expressly affirming his intention to renew the loan and paying an extension fee of approximately $14,000.00.  Regarding his option to extend, the debtor established at hearing that he chose not to renew his loan with the Bacardi Foundation and decided to obtain refinancing from a third party.  However, the debtor established that his failure to obtain refinancing led to his first bankruptcy filing.

The court finds that the motion for relief from stay was properly noticed to the debtor and that relief from the automatic stay in the first bankruptcy case was warranted.  The court's records reflect that notice of the motion for relief from stay was sent to the debtor and provided that the failure to file a written response may result in entry of an order granting relief from stay. More importantly, the court finds that the merits of the case do not support reconsideration of the order granting relief from stay.  The debtor's petition listed secured and unsecured debt greater than the maximum allowed in a chapter 13 case, rendering his petition ineligible.[1]  In addition, the debtor's plan would have required the repayment of an arrearage in excess of $800,000.00 over five years which the debtor has shown no ability to repay.  Further, the debtor made no payments to the trustee during the pendency of his first case.  Thus, the debtor would have been unsuccessful in an attempt to persuade the court to leave the automatic stay in place even if he

---

[1]Pursuant to § 109(e) of the Bankruptcy Code, chapter 13 is limited to debtors with noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650.  11 U.S.C. § 109(e).

8

had appeared at the original hearing on the motion to lift stay.

Based on the foregoing, the motion to determine inapplicability of the automatic stay in the second case is ALLOWED.   The motion to set aside order lifting stay in the first case is DENIED.  The motions to compel accounting and segregation of cash collateral and for show cause and contempt were withdrawn by the Bacardi Foundation at hearing based on the outcome of the motion to determine inapplicability of stay.

"END OF DOCUMENT"